Good morning. This is the time set for argument in the case of United States v. Keller. Mr. Price. Good morning, Your Honors. May it please the Court, Counsel. Your Honors, I, with the exception of a couple remarks, I have no argument at this time in addition to what has been presented in the briefs and the letter briefs. I would like to, however, say that in response to question number three, which was posed by the Court in its request for letter briefs, that the answer is no. In other words, that you do not wish to pursue the appeal if the entire plea is at issue? That is my – yes, that is my position, Your Honor. Okay. Also, in your supplemental briefs, as I understand this, that the entire plea is at issue. That your understanding is that the entire plea is at issue. That is my position, Your Honor. I have not located authority indicating that the count seven could be excised from this case and tried separately. You did indicate in your submissions that you desired additional time to submit supplemental response, and I gather this is what you're talking about today. Is there anything formal that you communicated? No, I have not had time to have an additional discussion with my client about the issue. I have discussed this with him prior to filing the letter briefs, and I have received written correspondence from him. My analysis of the case, after having spoken with the former AUSA on the case and reading all the materials, is that the answer must be no to question number three. Okay. Well, what are we to do then? Are you withdrawing your appeal? Are you moving to dismiss your appeal, or what are you trying to do? We just can't say, well, you don't want any change. Now we have to do something with this appeal. We either have to dismiss it or decide it. The only thing that Mr. Keller would like to have count seven excised from the case and be able to have a trial on that count. So that's what we're requesting. I personally have not. We should decide whether that's possible. Yes, Your Honor. If it's not possible, then what? I mean, we have to decide something. If it's not possible, Your Honor, and the Court does find, which it seems to have considered that, well, it has been conceded by the government that there is Rule 11 error. If the Court does determine that a reversal is appropriate, then I guess the question would be question number three and. That's a question for you. That's why we're having difficulty with this case. Right? In other words, we have one task, which is to decide the case. And you have another task, which is to decide whether you want us to decide the case. And the – if we simply decide – unless there is some way that we could simply decide what you're asking is, if we limit the – if we understand the appeal as limited to whether you can vacate only Section 7 and we just answer that question, no, and stop there, I suppose that would decide the appeal and not vacate the plea. But that's really the problem here. Yes. That's – In other words, I think you take your risks. If you just submit without making a motion of a trial, we'll just decide the case. So that's something you have to consider. Well, now, let me suggest something beyond that. Yes, Your Honor. First of all, we're dealing with what is before us, and that is what you claim is the infirmity in the guilty plea to Count 7. If we decide that there is an infirmity in Count 7, which everybody concedes there is, but that it rises to the level of plain error and should be, therefore, reversed, the consequences of that as to what the government is allowed to do in response to that is up to the district court. It's not up to this court to say, oh, well, the government either gets to reinstate the other counts or not or it gets to sentence on the count of conviction or any of those things. Those are all district court decisions, are they not? We have to decide whether or not Count 7 should be affirmed or reversed. And once we're done with that, we're finished, are we not? I think so, Your Honor. All right. I think that is accurate. Now, let me go to Count 7. As I read this transcript, this defendant didn't plead guilty to Count 7. He never even entered a plea of guilty to that count. And I call your attention to page 131 of the excerpt. That's in the second volume. Are you with me? Yes, Your Honor. At 131, the judge says, and you knowingly possessed a firearm at the time, how do you plead? Guilty or not guilty? He says guilty. He didn't plead guilty to possessing it during and in relation to, nor did he plead guilty to in furtherance of. And what difference does it make what the government claims it can prove? He never pled guilty to anything. Yes, if you look at it in that light, I agree. Well, what other light can you look at it in? Suggest something that you can do where a guy don't plead guilty. Yes, he didn't. I believe that was the argument that was in the opening brief, that he didn't plead guilty to in furtherance of. Well, I thought the argument was that the government didn't say that that was an element of it. And it wouldn't matter whether the government said it was an element or not. If the guy didn't plead guilty to it, it doesn't matter what the government says the elements are. So aren't we stuck with reversal no matter what? And when we look at whether or not this plain error affects the integrity of these proceedings, how do we escape that? How do we escape the fact that this affects the integrity of this whole thing? In my view, for the time being, it's an effort to sentence somebody on account that he didn't plead guilty to. And the government can say, oh, well, the truth is he did possess it in furtherance of the drug trafficking offense. Or it can say, we can prove that. And the guy can admit, yeah, the government can prove it, but he never pled guilty to it. That's the problem I see. Well, Judge Levy has given you a good theory. Of course, as far as I can tell, you didn't raise it in your opening brief. And it may be that we just have to go that direction. But your argument in your brief is there's a Rule 11 error. That's different from the fact that he didn't plead guilty to the offense charge. Correct. Or any other offense that I know of. I believe I noted this section of the sentencing. But I was just characterizing it as the court advising Mr. Keller of the elements of 924C. But I didn't state, actually, that he did not plead guilty to count 7. Is that your position now, that he did not plead guilty? Do you share my concern? Yes, I do. All right. You have about a minute and a half left. Why don't you save that for rebuttal? Let's hear from the government. Thank you. Good morning. And may it please the Court, Beyonce Kim for the United States. Turning to your question first, Judge Levy, the government agrees that the first question that has to be decided is whether the Rule 11 error and the government concedes that there was Rule 11 error in this case, however significant it was, whether that error rose to the level of plain error. And under the Dominguez-Benitez case, it's the defendant's burden to demonstrate a reasonable probability that, but for the error, he would not have entered his plea of guilty. Judge Levy is suggesting that this case is more, is another variety of case, because in fact, it's not simply that he was misapprised from Rule 11, but that because he was misapprised, at the point at which he pled guilty, he actually didn't plead guilty to the crime. And I understand that point, but I think that that way of looking at the issue in this case is really inseparable from the Rule 11 error that has been raised. And this is the reason. I mean, whether this issue was raised or something else, but if someone says, after all the Rule 11 advisements, charges somebody and says, you know, do you plead guilty of manslaughter, and then later concludes that the charge was actually murder, that's a different problem, isn't it? Yes, Your Honor. Two responses. The defendant pled guilty when he was asked in that passage that Judge Levy, you read, to committing a violation of Section 924C. Now, the judge may have been wrong in describing. Wait now. When you say may have been, does that leave us to decide whether he was wrong? It's pretty clear to me he was wrong. He was wrong, Your Honor. All right. He was wrong. It is inseparable from the Rule 11 misadvisement. All right. In other words, in any case where you have a Rule 11 misadvisement, as in this case, of the nature that you have it in this case, then it's to be expected that the judge may be also inaccurate in describing what the crime is in actually eliciting the guilty plea. Supposing the defendant had never uttered the word guilty, is there anything about Rule 11 that could allow the court to sentence this man if he didn't say he was guilty? I don't believe so, Your Honor. All right. And he said he was guilty to possessing a weapon, what, at the time of the commission of the drug trafficking offense. Yes, Your Honor. But we would argue that that's really simply another way of phrasing the Rule 11 error that's been claimed, and that when he pled guilty, he pled guilty to the 924C count. Now, would your argument be different if the court had not referenced 924C in the question? It might be different, Your Honor, yes. Because then I think it's clearly he's not pleading guilty to anything. I guess your argument is, if I understand it, I just want to make sure that I do, that when the court says, are you pleading guilty to 924C and misdescribes it, that's a Rule 11 problem and not a mispleading to an offense that wasn't charged. I don't mean to quibble. I wouldn't say that that's a Rule 11 problem, but it's not a problem in addition to the Rule 11 problem. In other words, the fact that the judge has arguably misdescribed what the offense is, what 924C is, is really just a function of his earlier commission of the Rule 11 error. But insofar as the court has referenced count seven and has referenced the applicable statute that's charged in count seven, I don't think there's any additional error that's been committed besides the Rule 11 error. And with respect to that Rule 11 error, the analysis is whether the defendant has met his burden of showing by a reasonable probability that his plea would have been different. And the government's position is that given that the indictment made clear that the crime was that he possessed these firearms in furtherance, given that in the plea agreement that the defendant entered into, he admitted that he possessed these firearms to protect the drugs, and given that at the plea colloquy, the defendant expressly agreed with the defendant's recitation of the factual basis, namely that the firearms were possessed in furtherance of the drug trafficking crimes, given all of those facts. And also, given the absence of any facts that would support the defendant's reasonable probability burden, I would submit that the correct conclusion is that there was not plain error that the defendant has demonstrated in this case. I think that Monson forms a very illustrative contrast with what happened in this case, because in Monson, the defendant adamantly and expressly denied under questioning that he satisfied the same factual predicate issue that's involved in this case, namely that the firearms were possessed in furtherance. He was asked that in the Monson case, and the defendant said, no, I just happen to have these guns for other reasons. So in that case, in which this Court did find that the plain error standard had been met, there was evidence to decide whether he would have pled guilty. In fact, the as to the firearms offense, you know, the evidence was probably adequate, but probably not overwhelming in terms of the firearms offense itself. Do we look at that? Do we look at the crime as a whole? Do we look at how strong the evidence or both counts? How do we do this? Well, with respect to, and I assume that by the firearms counts you're referring to the 924C count, I think that you look at the evidence. Well, let me take that back a second. Dominguez Benitez, the Supreme Court's decision, counsels that the Court should look at the entire record. That's the first point. Now, I think that he said originally, I was always going to cooperate because they told me I wouldn't. I consider I get under the 10-year minimum. But in fact, because of the firearms offense, he couldn't get under the 10-year minimum. Is that right? That no, that's not accurate, as you stated it, Your Honor. Through cooperation under Section 3553, he could potentially get underneath this minimum statutory sentence. Even with the firearms add-on? Theoretically, yes. If his cooperation was merited many more levels than were granted in this case, then I think theoretically he could, let's say, just to be concrete, receive one year for the drug trafficking. And then if you add on the 16 months from the 924C, that would take him underneath 10 years. Because the government didn't make a motion for more because they didn't think his cooperation was adequate. That's correct, Your Honor. And the court, whose decision it ultimately was, decided that a lesser sentence wasn't warranted. But, Your Honor, I think that the evidence, if you look at the Kraus case, the Mosley case, the most recent decision by this court, the Hector case, I think that while it may not have been overwhelming, it was close to overwhelming. This was a situation where there was a loaded firearm above the headboard of the bed, below the headboard of the bed. The drugs were at the base of the bed. And there was observation of the house showing that drug dealing was certainly going on in the house. There was drug paraphernalia found elsewhere. The guns were multiple. They were loaded. They were semi-automatics. Under all of the factors that this court has identified in the three cases that I mentioned, Kraus, Mosley, and Hector, I would submit that the facts are stronger than in all of those cases in which the case did find, this court did find that the 924C conviction should be upheld as sufficient. So you look at all of those facts, and as the Supreme Court counseled in Dominguez Benitez, you look at the strength of the government's case, among other things, such as the fact that the defendant from the very beginning of this case stated that he intended to cooperate with the government. And once he set down that path, he committed to it. And there's just no evidence in the record for the defendant to satisfy his burden of showing a reasonable probability. Now, if this court were to decide that the defendant, notwithstanding the absence of record evidence, had not met his reasonable probability burden, the 924C count should be vacated. And as this court has done repeatedly, I believe in the Sandoval-Lopez case, I believe in the Barron case, the sentences with respect to the remaining counts should be vacated as well so that the district court can consider what's before it in crafting the whole guilty plea than vacated. Well, Your Honor. But aside from the guilty plea agreement, why isn't the whole guilty plea simply vacated? That is to all of the counts, Your Honor. I think that under this case precedence, we are potentially in that situation. In Sandoval-Lopez and Barron and also in this Court's decision in Transfiguration, the Court left open a situation like the one presented here where the defendant is not simply challenging the conviction because of a subsequent Supreme Court decision changing the law, but rather is attacking the plea. This case is a little bit unusual in that it's only the plea to the 924C count that the defendant is attacking as opposed to the entire plea agreement or his entire plea. But what this Court has stated in dicta is that when a defendant does attack the different situation, and in that case, this Court should consider finding the entire plea agreement void, voidable, or repudiated. That's the language from this Court's decisions. But wouldn't the government's position be that you don't know whether you would have entered into this agreement at all were it not for the firearms offense, so therefore the consideration is sort of pulled out and the whole agreement has to go? That may ultimately go. It has to go because the agreement that set it up was not necessarily, wasn't that essentially. That may be, and this relates to Judge Levy's question, may be what the government and the district court decide to do if this case were to be remanded. Let me explain that. Even though this Court's precedence suggests that we may be in a situation where this Court could, on appeal, find the entire plea agreement void or voidable, in this case, unlike in the cases that I discussed, Transfiguracio and Barron Sandoval-Lopez, we have express language in the plea agreement that deals with this contingency, and therefore this Court doesn't have to reach the question of whether all of the convictions should be pleaded because under the plea agreement, the decision, if the case is returned to the district court. You have three options, and you haven't told us here which option you seek to exercise, and the appropriate place probably for that is to construe that agreement in the district court and exercise your option there, if we reverse this conviction. Correct, Your Honor. Now, you used the word that the judge arguably was wrong. Now, I fail to see anything arguable about it, and just bear with me. I think he was flat-out wrong. No, Your Honor. Are you talking about the guilty plea or are you talking about the Rule 11 advisement? I'm talking about the guilty plea. Okay. And I can explain that, but I'll let you finish. Now, if that is true, that the judge is wrong, then we have a judge who was wrong, we had a prosecutor who was wrong in describing the elements, and we had a defense lawyer who was wrong in acquiescing in all of this. Well, we would accept that. In order to say that this guy was fully informed, he had to be about the smartest guy in the courtroom. Didn't he? Isn't that a crude way of saying it? He was certainly misinformed, Your Honor. And the record is unclear as to whether he may have, in fact, known the true statutory elements or not. But on this record, there's nothing indicating that he did. That's it. But under plain error, prejudice is required. All right. But to explain your initial point, Your Honor, and I know I'm over time. I do want you to fully present your argument on that because it's a new issue that's not in the brief. I don't want to keep everyone else waiting. If the court – I am not aware of any requirement that the district court describe when taking the actual guilty plea in that specific exchange. I'm not aware of any requirement that the district court describe the offense with any kind of particularity. And where I'm headed But the fact is that he did do it, and he described it incorrectly. Well, he – his description was at least incomplete, Your Honor. But – but – Correct. He said possession. He didn't say – He said knowingly possessed. Yeah, knowingly possessed. That's not – It was – That's not an accurate description of the crime. You would agree with that? It's certainly inaccurate, Your Honor, in what it omits. But that's precisely my point. I would submit, and I'm not aware of any contrary rule or case law that the could have – that the court could have simply referred to the 924C count for which he was eliciting the guilty plea as that firearm count. I'm not aware of any rule that requires the district court to provide any kind of requisite level of description in that particular exchange. Well, the question is, if it's a misdescription, does that change the character of it? And you would say that's not a significant misdescription or that it doesn't matter. Well, I think it – it doesn't add anything, I would submit, to the Rule 11 error that was claimed. In fact, it's – it's perfectly unsurprising that the district court, having misadvised the defendant under Rule 11, would – And let me ask you something else. What he said when he was saying this was he referred to the indictment, right? He said that count 7 of the indictment, the last year that you were doing this. And the indictment, is the indictment accurate? I don't think the indictment's accurate either. The indictment said during in relation to – no, it doesn't. I'm sorry. It says during. Yeah, I think the indictment's okay. Of the following charges. So the indictment was accurate. Yes, Your Honor. I believe that the indictment was accurate and thus did provide notice to the defendant of at least what the government intended to prove, if not what the government was required to prove. Perhaps the defendant might have thought that's just surplusage. But he was advised through the indictment of what the government's proof was. And then, again, he signed a plea agreement in which he admitted that the firearms were possessed to protect the drugs. And then at the plea colloquy, he again stated that the firearms were possessed in furtherance. And so the only indications in the record that show either way whether the defendant would have entered his plea, regardless of the error, indicate that he would have, even had he been correctly advised under Rule 11. I, at least, have not been able to find any evidence in the record to the contrary, except for the fact that he was misadvised and that he potentially faced a much larger sentence as a result of that misadvisement. But the flip side of that, and this relates to the question of remedy, if this case were to be remanded, then there's a significant possibility that the government would have no obligations because there was no plea agreement to 5K1.1. We could proceed with trial as to all of the counts, or a new plea agreement could be entered into. I want to assure you that I don't think it's necessary for a trial judge to recite everything in the count in order to take a legitimate plea.  I think this would be a much better record if the judge had just said, what is your plea to Count 7? Are you guilty or not guilty? And the guy said, guilty. Now we wouldn't have my concern. He would have pled guilty to whatever that indictment says. And I want to make that clear, that I'm not – I don't see an imposition in it. As Judge Berzon says, it's because of the erroneous utterances here that is the problem. Yes. I mean, if he simply said, I do plead guilty to knowingly possessing a firearm and without reference to the count, I think the answer would be clear, that he didn't plead guilty to anything. But there's a reference to 924C. Does that save it or not? I don't know. Also, although I think so. Okay. Did I apologize? No, no. We'll check. I don't know that for sure. Okay. Yeah. So you're correct. Yeah. Thank you, Your Honors. Ginsburg. Can I ask a very precise question? The plea agreement, aside from what the law is in general, the plea agreement makes clear that if we – even if we took your view and reversed just on count 7, if we thought that there was a reversal here, that the government would have the opportunity to vacate the plea. So that puts our question 3 to you directly without regard to what the external law is, and it seems to me you have to answer it. Do you want to proceed with this appeal? No. If it's the ruling of the court that that would be the result. Well, it's not a question of the result. It's a question of what's in the plea agreement. We don't know what the result is, but at the government's option, it could be the result, even if we don't decide anything about what the rule would be without that plea agreement. I believe the plea agreement stands, and I believe the government has – All right. So you're now telling us you don't want to proceed with the appeal? Because that is – it seems an inevitable result of a reversal, that even if we don't address any external legal parameters as to how a case like this would be handled absent the plea agreement, with this plea agreement, that is a very real and perhaps likely possibility. Correct. And if it's even possible, I would like to request a week to submit a supplemental position on this to the court, because it might be – it might save a lot of time and just – Well, we should be a little more precise than that. You either dismiss this appeal or we're going to decide it. We'll give you – we won't – we will not make a decision for seven days. You can file a motion to withdraw, and if you don't file a withdrawal, we'll proceed to decide it. But what we're not going to do is to say, if then, because you don't get the option of a remedy. We take the appeal as you present it, and I don't know how we're going to decide it. You kind of heard our thoughts on it. We could go a lot of different directions. You know the risks. Government knows the risks. You can try to strike a different deal with the government, but you've got – is a week agreeable to all of you? It's agreeable to me, but I want to make it clear that in the absence of a motion to dismiss this appeal, I think the court ought to decide it. Oh, yes. There's no choice. We're not going to get a supplemental brief, and then you say, well, the government shouldn't get to do this, or the government should get to do that. That isn't going to cut it, as far as I'm concerned. You either dismiss it, or we decide it. I agree that's the only option. All right. And is a week enough for you? I'd like 10 days, because it's somewhat difficult to get in touch with the clients. We'll give you two weeks. We'll give you two weeks. And we'll issue an order deferring submission for two weeks. Thank you very much. All right. And what you should do is that if you choose to dismiss, that should be over the signature of this defendant. And it's up to you to see to it that he's adequately advised and that you document that for good reasons. Okay? Absolutely. And there's one third alternative, but we won't, if you and the government want to use the offices of the circuit mediator, try to work this thing out, that's fine. But we you have to let us know within the two-week period as well. I'll issue an order under my signature as presiding judge to that effect that's saying that we're going to defer submission for two weeks. And it's only going to say that. It will let both of you decide what you want to do. But we're in the business of deciding the appeal. So if we don't hear from you in two weeks, we'll decide the appeal one way or the other. Yes, Your Honor. Thank you both for coming to San Francisco. I know it's a little bit unusual for this kind of case to travel. But we were here on other business, and it was about the only time we could get back together. So I understand the time that's taken from your other business and appreciate you both traveling. Thank you very much, Your Honor. Thank you. This court is now in session. All rise. This court goes into session.    This court goes into session. All rise. This court goes into session. Good morning. Just like that. I can drive back. Thank you. You're going to fight, right? Yes. Are you taking off? Are you taking off? You know, my fight's not until the shift. But I can just be here if I say I want to. Just hold me. All right, nice to meet you. Nice to meet you. Bye. Bye. Oh, my goodness. Is that your first argument? Yeah. Not very ordinary. No. Well, it's usually with a judge or someone who decides on time. You know, but I don't know where. Because I've just seen a bunch of other guys. This is a mistake. What did he go like? He's just afraid. Oh, yeah. What did he go like? 20 minutes or something. I wasn't keeping track. Um, he took her time. Yeah. So, he took five minutes. Yeah. Okay. Nice to meet you. Nice to meet you. Have a good flight back. Thank you. I'll put it in the document. Submit it and defer it. I have a question. I have a question. Is the genesis and transcript of the argument available? It's up to the computer center. They usually take about a couple of days. But it will be on our website. I'll just get it now. And then we'll just post it on DOD. But it's usually just a couple days. Usually a couple days unless there's something else going on at the computer center. But it should be open on Friday after the case. Okay? Right? It depends on the case number. It should look good. Right? Thank you. So, I'll just say, I'll put this on the document. Submit it and defer it. And do you need anything else? Okay. Thank you. Thank you. Thank you. Hi. You talking to me? You talking to me? Okay. Okay. Okay. Okay. Okay. Okay. Okay.
judges: Leavy, Thomas, Berzon